

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John Gould, Chairman
Texas State Library and Historical Commission
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-6766
Re: Whether or not traveling
expenses of a member of
the State Library and His-
torical Commission to inter-
view an applicant for State
Librarian outside of Texas
is "State business."

We acknowledge receipt of your opinion request, which
reads as follows:

"The Texas State Library and Historical Commission
would like to have a ruling from you on a problem now
confronting it.

"The Commission is considering applications for
the post of State Librarian. After eliminating a num-
ber of applicants, it has remaining five whose appli-
cations are being considered further, and a choice
probably will be made from among these. Members of the
Commission do not wish to make a selection without
first interviewing these candidates personally.

"The appropriation includes a $1200 item for
travel purposes. The Commission would like to know,
first, if this fund can be used to pay the traveling
expenses of applicants who are invited to Austin by
it; second, if that is not permitted, can the Commis-
sion use the fund to pay the expenses of one of its
members who would be designated to visit the applicants?

"All of the five remaining applicants reside out-
side of Texas.

"We will appreciate an opinion from you at your
earliest convenience.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John Gould, page 2

The 39th Legislature, at its regular session in 1945, appropriated $1200 for each of the years ending August 31, 1946 and August 31, 1947, to the Commission for "travel expenses". Section 11 of the same appropriation bill contains the following provisions:

". . . .

"a. No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on State business. . . . .

"d. No traveling expenses shall be incurred by any employee of any of the departments, or other agencies of the government, outside of the boundaries of the State of Texas, except for State business and no such expenses shall be paid from State appropriations or out of any local or auxiliary funds by the State Comptroller to an employee of any agency of the Government until and unless a written statement, signed by the Attorney General, advising that the purpose of the proposed trip, in his opinion, is for said State business purposes; which written opinion shall have been filed with the disbursing officer of such respective agency of the Government. . . . .

"g. All employees traveling at the expense of the State are hereby limited to the amount of Four ($4.00) Dollars per day expenses for meals and lodging; . . . .

"f. It is expressly provided that the provisions of Subsection 11g of this Act with reference to limitation of amount of traveling expense shall not apply to the Governor, the Lieutenant-Governor, and the members of Commissions, who receive no salary or per diem, when traveling in or out of the State. . . ." (Underscoring Ours.)

The Texas State Library and Historical Commission, which is composed of five persons appointed by the Governor, by and with the consent of the Senate, receives no salary or per diem

Hon. John Gould, page 3

"when traveling in or out of the State" but only $5.00 per day and actual expenses incurred when attending the annual meeting and special called meetings. Art. 5434, V. A. C. S. One of the principal duties of your Commission is with reference to the election of a State Librarian. The qualifications of such an employee are set out in Article 5440, V. A. C. S., which reads as follows:

"The Commission shall elect a State Librarian, not of their number, who shall be a man or woman of at least one year's training in a library school and at least three years' administrative experience as head of a free public or institutional library, or as an assistant of high rank in such library. Said Librarian shall serve at the will of the Commission and shall give bond in the sum of five thousand dollars for the proper care of the State Library and its equipment. He shall be allowed his actual expenses when traveling in the service of the Commission, on his sworn account showing such expenses in detail."

We do not believe that the moneys appropriated for traveling expenses of the Commission can be used to pay the traveling expenses of applicants for the job of State Librarian for the reason that they are neither agents nor employees of the Board or of the State. It could hardly be said that their trips to Texas constituted "State business"; however, we are of the opinion that a member of the Board, when authorized by the Board to interview certain applicants, who are non-residents of Texas, would be engaged in "State business" when traveling for that purpose. It might not only be advisable but highly desirable to personally interview an applicant in order to ascertain whether his qualifications and administrative experience were sufficient to meet statutory standards. The statute, by setting up standards which the Commission must observe in the election of a State Librarian, limits the discretion of the Commission to that extent and impliedly authorizes the Commission to do what is reasonable and necessary

Hon. John Gould, page 4

to perform its duty under the statute. You are accordingly advised that if a request is made of the Attorney General for approval of a proposed trip by some member of the Commission for the purpose stated in your letter, he will approve same as being for "State business."

Trusting that the foregoing answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Fagan Dickson*
Fagan Dickson
Assistant

FD:rt

APPROVED AUG 28, 1945

FIRST ASSISTANT
ATTORNEY GENERAL